# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 46999-5-II |
| Respondent, | |
| v. | |
| JAMES NATHANIEL PARKER, | UNPUBLISHED OPINION |
| Appellant. | |

MAXA, J. — James Parker appeals from the trial court's order finding that he violated a condition of his Special Sex Offender Sentencing Alternative (SSOSA) sentence imposed following his plea of guilty to second degree rape of a child. He argues that the community custody condition prohibiting him from possessing drugs without a lawful prescription is unconstitutionally vague. Because this court held in Parker's previous appeal[1] that this condition is unconstitutionally vague, we reverse the trial court's order and remand with instructions to vacate its 2014 order finding that Parker had violated that condition.

Among the community custody conditions imposed as part of Parker's SSOSA were:

> 1.      Obey all municipal, county, state, tribal, and federal laws.
> . . . .
> 17.      Do not purchase, possess, or consume drugs without a valid prescription from a licensed medical professional. Provide CCO with verification of all prescriptions received within 72 hours of receipt.

Clerk's Papers at 15-16.

Parker received a medical marijuana authorization after he was released from prison and had suffered a back injury. He asked the Department of Corrections (DOC) to permit him to use

---

[1] *State v. Parker*, No. 45502-1-II, 2015 WL 6688781 (Wash. Ct. App. Nov. 3, 2015).

medical marijuana, but DOC denied his request. Parker used marijuana anyway and several of the urine samples he submitted to DOC tested positive for marijuana.

In 2013, DOC filed several notices of violation alleging that Parker violated his community custody conditions by consuming marijuana. The trial court found that Parker had violated the conditions of his sentence by breaking federal law prohibiting marijuana use, but expressly declined to determine whether Parker violated the condition of his sentence prohibiting him from consuming drugs without a valid prescription. The trial court sanctioned Parker with 30 days in custody. Parker appealed.

This court reversed, holding that DOC did not give Parker sufficiently specific notice of what laws he had allegedly violated. *State v. Parker*, noted at 185 Wn. App. 1060, 2015 WL 728301, at *3. We remanded the alleged violations to the trial court, but declined to address Parker's argument that the condition prohibiting him from consuming drugs without a valid prescription was unconstitutionally vague, noting that the trial court had not found that he had violated that condition. *Id.* at *4.

Parker filed a petition for review with the Supreme Court. The Supreme Court remanded the appeal to this court to address the vagueness argument. *State v. Parker*, 183 Wn.2d 1017, 355 P.3d 1118 (2015). On remand, this court held that the condition prohibiting him from consuming drugs without a valid prescription is unconstitutionally vague because it does not define "drugs" with sufficient definiteness. *State v. Parker*, No. 45502-1-II, 2015 WL 6688781, at *3 (Wash. Ct. App. Nov. 3, 2015). We remanded and directed the trial court to strike the condition from Parker's sentence. *Id.* at *4. The State did not file a petition for review of that decision.

Meanwhile, in 2014, DOC filed two more notices of violation alleging that Parker had violated the condition prohibiting him from consuming drugs without a valid prescription by consuming marijuana. The State recommended that either his SSOSA be revoked or that he receive 60 days of confinement per violation. Parker stipulated to the violations and the trial court imposed 40 days of confinement per violation. Parker filed this appeal, arguing that the condition prohibiting him from consuming drugs without a valid prescription is unconstitutionally vague.

Because this court previously has held that the condition prohibiting Parker from consuming drugs without a valid prescription is unconstitutionally vague, we reverse and remand to the trial court to vacate its 2014 order finding that Parker had violated that condition.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, J.

We concur:

_____
BJORGEN, A.C.J.

_____
SUTTON, J.

3